## Hutch Material and Supply Corp. v. George Costa & Jae Costa

[507 A.2d 943]

No. 83-637

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 17, 1986

*Gilbert T. Normand*, Montpelier, for Plaintiff-Appellee.

*Robert H. Opel* of *Paterson, Walke & Pratt, P.C.*, Montpelier, for Defendant-Appellant.

**Hill, J.** In this case plaintiff, Hutch Material & Supply Corporation, brought suit against defendant, George Costa, seeking payment for materials provided. Defendant alleged that the contract was for materials and labor and counterclaimed for breach of contract and breach of express warranties. Trial was by jury, and judgment was entered on verdicts in favor of the plaintiff. Defendant appealed; we reverse.

The facts of this case are relatively straightforward. Defendant contracted with plaintiff to build a foundation for his ski shop. The latter provided the materials and arranged to have the foundation work done by a third party. Before the forms were removed, defendant paid the third party for services rendered. He refused to pay plaintiff, however, as he did not believe that the completed foundation conformed to the contract.

At trial, defendant testified that he told plaintiff the basement was to be used as a shop and a retail area. He testified further

that he accepted plaintiff's bid because plaintiff assured him that he "would get exactly what [he] wanted, smooth walls . . . a shop that [he would] be proud of . . . ." The trial court charged the jury on this issue as follows: "The defendant has the responsibility to persuade you that this contract was for materials and services and those services, assuming you find that services were to provide a foundation, they're to be workmanly-like [sic], they're to be what is typically found in the trade, quality services."

Defendant objected to this instruction, noted plaintiff's affirmation that the job would be performed according to defendant's requirements, and urged the trial court to instruct the jury on the theory of express warranty.[1] The trial court refused to give the requested instruction, and defendant is here on appeal.[2]

We question whether the defendant was entitled to a U.C.C. express warranty instruction as there was no allegation that the goods were in any way defective. Compare *South Burlington School District* v. *Calcagni-Frazier-Zajchowski Architects, Inc.*, 138 Vt. 33, 48, 410 A.2d 1359, 1366 (1980) (implied warranty applicable to future performance of goods sold); *Anthony Pools* v. *Sheehan*, 295 Md. 285, 293-94, 455 A.2d 434, 440 (1983) (warranty implied as to defective diving board under contract to construct swimming pool and sell related equipment) (quoting 1 R. Anderson, Uniform Commercial Code § 2-102:5, at 209 (1970) ("It is probable that a goods-services transaction will come to be subjected to Article 2 of the Code *insofar as the contractor's obligations with respect to the goods themselves are involved,* at least where the goods involved could have been purchased in the general market and used by the plaintiff-customer.") (emphasis added)). Nevertheless, the defendant was certainly entitled to

---

[1] The statute, 9A V.S.A. § 2-313, provides in pertinent part:
> (1) Express warranties by the seller are created as follows:
> > (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

[2] Contrary to plaintiff's assertion, we cannot determine from the general verdicts rendered in this case whether the jury concluded that this contract was simply one for materials or one for materials and labor. Consequently, we assume, for purposes of appeal, that the contract was for materials and labor, as alleged by defendant. This problem may have been averted if interrogatories had been requested of the jury on this issue.

have the jury determine what the parties did in fact agree to and whether the agreement had been breached.

Defendant claims that the parties contracted to a greater-than-industry standard of performance: defendant wanted smooth foundation walls, and he testified that the plaintiff promised to give him the results he desired. The trial court erroneously took this issue from the jury by instructing the jury that the services were to be "workmanly-like [sic]." The defendant objected at trial before the jury retired and gave the trial court ample opportunity to cure its defective charge. See *Perkins* v. *Windsor Hospital Corp.*, 142 Vt. 305, 308, 455 A.2d 810, 812 (1982); V.R.C.P. 51(b) ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."). The failure of the court to correct its error was clearly prejudicial to the defendant. Therefore, the judgment must be reversed and the cause remanded for a new hearing.

*Reversed and remanded.*

